**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
0 Valuation of Security        0 Assumption of Executory Contract or Unexpired Lease        0 Lien Avoidance

Last revised: August 1, 2020

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:    **Bruce A Piekarsky**            Case No.:    __22-10450__
                                            Judge:    __Rosemary Gambardella__
            Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                ☒ Modified/Notice Required        Date:    __March 23, 2022__
☐ Motions Included        ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

Initial Debtor(s)' Attorney **DLS**     Initial Debtor: **BAP**     Initial Co-Debtor _____

## Part 1: Payment and Length of Plan

a. The debtor shall pay **500.00 Monthly** to the Chapter 13 Trustee, starting on **April 1, 2022** for approximately 58 months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☑ Other sources of funding (describe source, amount and date when funds are available):
**The Debtor has paid $600.00 in plan payments to date**

c. Use of real property to satisfy plan obligations:
- ☑ Sale of real property
Description: Sale of 250 George Rd., Cliffside Park, NJ. Debtor will further sell joint interest in property located at 9129 SW 20th Place, Unit C, Fort Lauderdale, FL to co-owner. See addendum.
Proposed date for completion: **12 months from confirmation**

- ☐ Refinance of real property:
Description:
Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☑ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.
e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection     ☒ NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).
b. Adequate protection payments will be made in the amount of $ **1,383.74** to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: **Briarcliff Owners Inc.** (creditor).
Adequate protection payments will be made in the amount of $ **583.74** to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: **T.D. Bank** (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| Department of the Treasury | Taxes and certain other debts | 53,884.00 |
| State of New Jersey, Division of Taxation | Taxes and certain other debts | 26,051.40 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

### Part 4: Secured Claims

**a. Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| T.D. Bank | 250 Gorge Road, Apt. 8J Cliffside Park, NJ 07010 Bergen County | Approximately $10,642.00 | N/A | Paid outside of Plan upon closing of sale | $583.74 Adequate Protection Payments |
| Briarcliff Owners Inc. | 250 Gorge Road, Apt. 8J Cliffside Park, NJ 07010 Bergen County | Approximately $57,395.24 | N/A | Paid outside upon closing of sale | $1,383.74 Adequate Protection Payments |
| IRS Income Tax Lien | All Property | Approximately $53,968.55 | 4.5% | Paid outside upon closing of sale | $0 |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Bank of America, N.A. | 9129 SW 20th Place, Unit C, Fort Lauderdale, FL 33324 | $15,239.87 | N/A | $15,239.87 | $1,123.29 |
| Bank of America, N.A. | 9129 SW 20th Place, Unit C, Fort Lauderdale, FL 33324 | $885.08 | N/A | $885.08 | $80.83 |

**c. Secured claims excluded from 11 U.S.C. 506:** ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE**

    1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

    2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender ☑ NONE**
    Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f. Secured Claims Unaffected by the Plan ☐ NONE**

    The following secured claims are unaffected by the Plan:

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## Part 5: Unsecured Claims    ■ NONE

    a. **Not separately classified** allowed non-priority unsecured claims shall be paid:
        ☑    Not less than **$80,638.69 (See Addendum)** to be distributed *pro rata*

        ☐    Not less than ____ percent

        ☐    *Pro Rata* distribution from any remaining funds

    b. **Separately classified** unsecured claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6: Executory Contracts and Unexpired Leases    ☒ NONE

    (NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of

non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| Briarcliff Owners Inc | $57,395.24 (see part 4(a)) | HOA | Assume | $1,383.74 Adequate Protection Payments |

## Part 7: Motions    X NONE

NOTE: All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

**a. Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8: Other Plan Provisions
  a. **Vesting of Property of the Estate**
     ☑ Upon Confirmation
     ☐ Upon Discharge

### b. Payment Notices

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:
1) Ch. 13 Standing Trustee Commissions
2) Other Administrative Claims
3) Secured Claims
4) Lease Arrearages
5) Priority Claims
6) General Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification    ☒ NONE

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: __February 7, 2022__ .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| To modify timing to sell property, property sold and terms of sale. To include amount of mortgage arrears of secured creditors and provide for treatment. To include New Jersey State Tax claim and treatment. To change distribution to general unsecured creditors to a base amount. | Part 1a and 1b Amended to change to remaining plan term and payments made to date. Part 1c. Amended to change the time to sell his property in New Jersey and manner of sale. Part 3 Amended to include State of NJ filed tax claim. Part 4a and 4b Amended to include filed mortgage arrears claims. Part 5a amended to change distribution to non-priority unsecured creditors to a base amount to be distributed *pro rata* as per addendum  Part 6 Amended to include HOA executory contract |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☒ Yes    ☐ No

## Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☒ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                                Best Case Bankruptcy

I certify under penalty of perjury that the above is true.

Date: March 23, 2022                    /s/ Bruce A Piekarsky
                                        Bruce A Piekarsky
                                        Debtor
Date

                                        Joint Debtor


Date   March 23, 2022                   /s/ David L. Stevens
                                        David L. Stevens 034422007 NJ
                                        Attorney for the Debtor(s)


## Addendum

Debtor owns an undivided interest in real property known as 9165 S. W. 23rd Street, Fort Lauderdale, in the State of Florida ("23rd Street") as joint tenant with his non-filing spouse. Debtor asserts his interest to be valued at $95,502.93. Debtor also owns an undivided interest in property known as 250 Gorge Road, Cliffside Park, in the State of New Jersey ("250 Gorge Road") as joint tenant with his non-filing spouse. Debtor asserts his interest to be valued at $51,071.20.

250 Gorge Road is to be sold through this Plan. At time of sale of 250 Gorge Road, the non-filing spouse will pay the Debtor $95,502.93 in consideration of his interest in 23rd Street. The $95,502.93 so paid will be contributed to the funding of this Plan. The sale of 250 Gorge Road and the Debtor interest in 23rd Street will be made only after motion on notice and an Bankruptcy Court order authorizing the transactions

Part 5a amount to non-priority general unsecured claims is calculated as follows:

Non-exempt equity in 250 Gorge Road:

Fair Market Value: $425,000.00. Less $42,500.00 cost of sale, 57,395.24 association secured claim, 54,083 TD Bank first mortgage, 10,642.26 first mortgage arrears = $260,379.50. Divided by 2 (Debtor's interest) = 130,189.75. Less IRS lien of $53,968.55 and exemption of $25,150 = $51,071.20 non-exempt equity.

Non-exempt equity in 23rd Street:

Fair Market Value: $300,000.00. Less $30,000.00 cost of sale, $56,623.53 first mortgage lien, $6,245.66 second mortgage lien, 15239.87 first mortgage arrears, $885.08 second mortgage arrears = $191,005.86. Divided by 2 (Debtor's interest) = $95,502.93 non exempt equity.

Non-exempt equity in vehicle:

Fair Market Value: $20,000.00. Less $2,000.00 cost of sale and $4,000.00 exemption = $14,000.00 non-exempt equity.

Total non-exempt equity = $160,574.13

Less: $26,051.40 NJ State Div. of Taxation Priority claim and $53,884.04 IRS priority claim = $80,638.69 to be paid to general unsecured creditors pursuant to 11 U.S.C. Sect. 1325(a)(4). This amount shall be adjusted to conform with all filed and allowed proof of claims.

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                        Best Case Bankruptcy