Order Filed on April 24, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

SCURA, WIGFIELD HEYER,
STEVENS & CAMMAROTA, LLP
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
David L. Stevens
Dstevens@scura.com
Counsel for Debtor

In Re:

Bruce A. Piekarsky

Case No.:       22-10450

Hearing Date:   April 19, 2023

Chapter:        13

Judge:          Rosemary Gambardella

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

Recommended Local Form:   ☐ Followed    ☒ Modified

The relief set forth on the following pages numbered two (2) and three (3), is **ORDERED**.

**DATED: April 24, 2023**

*Rosemary Gambardella*
Honorable Rosemary Gambardella
United States Bankruptcy Judge

After review of the Debtor's motion for authorization to sell the real property commonly

known as 250 Gorge Road, Apt. 8J, Cliffside Park, New Jersey (the "Cliffside Park Property") and 9129 SW 20th Place, Unit C, Fort Lauderdale, Florida (the "Florida Property").

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒   In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

> Name of professional:  Michael A. Parker
>
> Amount to be paid:  $25,200.00
>
> Services rendered: Time invested in bringing sale to realization, actual costs of marketing the property.

**OR**:  ☐  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $25,150.00 from the Debtor's share in the net sale proceeds and claimed as exempt may be paid to the Debtor.

6. ~~The ☐ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.~~

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

The Debtor's 50% interest in the net sale proceeds from the Cliffside Property in addition to $103,565.31 from Debra Piekarsky's share of the net sale proceeds shall be paid to the Chapter 13 Trustee in the Debtor's case and paid to General Unsecured Creditors, less applicable trustee fees.

An additional $10,000.00 of Debra Piekarsky's portion of the net sale proceeds of the Cliffside Property shall be transmitted to and held by Debtor's counsel in trust pending application for compensation and approval of same.

In consideration of the $103,565.31 from Debra Piekarsky's share of the net sale proceeds paid to the Standing Chapter 13 Trustee for the funding of the Debtor's Chapter 13 Plan, Debtor is authorized and directed to immediately transfer his interest in the Florida Property to Debra Piekarsky. The balance of Debra Piekarsky's 50% share of the net proceeds are unrestricted and may be disbursed as directed by her.

The sale of the Debtor's interest in the Florida Property is NOT free and clear of liens and subject to all liens and encumbrances as existed immediately prior to entry of this order, including the mortgage liens held by the Bank of New York Mellon fka The Bank of New York, Trustee on behalf of the note holders of the CWHEQ Inc., CWHEQ Revolving Home Equity Loan Trust, Series 2007-G and that of Carrington Mortgage Services, LLC (being the same mortgage lien held by Bank of America, N.A. as of the date the petition in this case was filed and evidenced by Claim 12-1 in the claims register of this case). Bank of New York Mellon and Carrington Mortgage Services will not be paid at closing and their liens remain unaffected by the transfer from the Debtor to Debra Piekarsky with all rights and remedies preserved.

Nothing in this order compels Debra Piekarsky (the co-owner of 250 Gorge Road, Apt. 8J, Cliffside Park, New Jersey and 9129 SW 20th Place, Unit C) to sell her interest or purchase the interest of the Debtor.

Debtor shall file amended Schedule J within ten days of closing of title.

All liens and assessments affecting title to the Cliffside Park Property are to paid in full pursuant to a payoff quote valid through the date of closing.

The stay of this order under R. 6004(h) is waived. This order is effective immediately upon entry.