Donald V. Valenzano, Jr. - 011282010

**PRESSLER, FELT & WARSHAW, LLP**
ATTORNEYS AT LAW
7 Entin Rd.
Parsippany, NJ 07054-5020
Office: (973) 753-5100
Toll Free: (888)312-8600
Fax: (973) 753-5353
Website: pfwattorneys.com

SHELDON H. PRESSLER (1955-2017)
------------------
GERARD J. FELT (NJ)
DAVID B. WARSHAW (NJ, NY, MA)
------------------
MICHAEL J. PETERS (NJ, NY)
CHRISTOPHER P. ODOGBILI (NJ, PA)
DARREN H. TANAKA (NJ, NY)
FRANCIS X. GRIMES (NJ, PA)
CRAIG S. STILLER (NJ, NY, PA)
IAN Z. WINOGRAD (NJ, NY, PA, DC)
DONALD V. VALENZANO JR. (NJ, NY)

PATRICK WONG (NJ, NY)
THEOLOGIA PAPADELIAS (NJ)
GERARDINO DI POPOLO (NJ)
SEAN P. STEVENS (PA)
HOWARD SCHACHTER (NJ, NY)
RYAN R. TAPPAN (NY)
STEPHEN E. LUNDY (NJ)

CHRISTOPHER B. CARFAGNO (PA)
RENUKA VIPAT (NY)
DANTE P. CIANNI (NJ)
NICHOLAS DEENIS (NJ, PA)
DANIEL J. SANTUCCI (NJ, PA)
ADAM J. DeSTEFANO (NJ)

NY Office:
305 Broadway, Suite 505
New York, NY 10007

PA Office:
400 Horsham Rd. Suite 110
Horsham, PA 19044

Office Hours:
Monday-Friday: 8am-6pm
DCWP License Number: 2069242-DCA
[X] New Jersey Office [ ] New York Office [ ] Pennsylvania Office

AUGUST 10, 2023

Via ECF
HON. ROSEMARY GAMBARDELLA
50 WALNUT ST., 3RD FLOOR
COURTROOM 3E
NEWARK, NJ 07102

Re:   IN RE BRUCE PIEKARSKY
      UNITED STATES BANKRUPTCY COURT, DISTRICT OF NEW JERSEY
      BANKRUPTCY PETITION #: 22-10450-RG

      PRESSLER, FELT & WARSHAW, LLP v. BRUCE A PIEKARSKY
      UNITED STATES BANKRUPTCY COURT, DISTRICT OF NEW JERSEY
      ADVERSARY PETITION #: 22-01083-RG

      PFW FILE NUMBER: P212693

To Hon. Rosemary Gambardella:

   This firm represents itself and its clients ("PFW") in this bankruptcy case and adversary proceeding. Third-Party State of New Jersey Judiciary ("Third-Party") has filed a Motion to Dismiss Debtor Bruce Piekarsky's (the "Debtor") Chapter 13 Bankruptcy Case on or about July 18, 2023, which is scheduled to be adjudicated on August 16, 2023 (the "Motion"). Please accept this letter brief in response. PFW respectfully requests that the Court a) permit the adversary proceeding to proceed even if the Court dismisses this case and b) direct the trustee to retain possession, custody, and/or control over the funds resulting from the sale of Debtor's New Jersey real property because to disburse same to Debtor at this juncture would be an unjust windfall as further discussed herein.

   PFW takes no position on the merits of the Motion. PFW notes that Marie-Ann Greenberg, the Chapter 13 Trustee, submitted a response to the Motion on August 10, 2023 and has confirmed that the

trustee has received $195,350.93 from the sale of Debtor's real property.

As a general matter, 11 U.S.C. § 349 governs the dismissal of a bankruptcy proceeding. In the event a bankruptcy proceeding is dismissed, any related proceedings are generally dismissed. However, the bankruptcy court has discretion to retain jurisdiction and proceed with an adversary proceeding if it so chooses. Porges v. Gruntal & Co. (In re Porges), 44 F.3d 159, 162-163 (2nd Cir. 1995) (citations omitted); Iannini v. Winnecour, 487 B.R. 434, 439 (Bank. Pa. W.D. 2012) (citations omitted); See also 11 U.S.C. § 349(a) ("Unless the court, for cause, orders otherwise[…]"). PFW respectfully submits it would be inequitable at this juncture to dismiss its adversary proceeding, which seeks to adjudicate, in part, whether Debtor engaged in malfeasance in embezzling funds from PFW and its clients in performance of duties as a court officer in the Superior Court of New Jersey and the amount of such malfeasance.

This Court should also continue to exercise jurisdiction over PFW's adversary proceeding because the Superior Court has a potentially biased interest in the outcome of that case and protecting its interests, which PFW will not elaborate upon herein. Suffice to say, the Superior Court has been difficult and opaque throughout this process and has conspicuously failed to disclose to this Court that Debtor's bond amount, which is entirely germane to these proceedings, and which, upon information and belief, is only approximately half (50%) of the amount that the New Jersey Judiciary asserts Debtor absconded with. Ultimately, this Court should not permit the Superior Court, who let the proverbial wolf into the hen house, now oversee its mop-up. That is best left to this Court.

Moreover, PFW respectfully requests that the Court direct the trustee to retain any funds realized from the sale of Debtor's New Jersey real property as part of any such dismissal. Pursuant to 11 U.S.C. § 349(b)(3), the trustee is generally directed to return any property of the estate back to its pre-petition owner. 11 U.S.C. § 349(b)(3); See also Czyzewski v. Jevic Holding Corp., 580 U.S. 451, 456 ("A dismissal typically […] aims to return the prepetition financial status quo.")(citing 11 U.S.C. § 349(b)(3)). PFW respectfully submits that it would be inequitable to return such sale proceeds to Debtor, who is alleged by both PFW and the New Jersey Judiciary with embezzling hundreds of thousands of dollars in furtherance of Debtor's

employment. Additionally, 11 U.S.C. § 1326(a)(2) states that, in the event a Chapter 13 plan is not confirmed, the trustee shall, prior to "returning any such payments not previously paid", "deduct[] any unpaid claim allowed under section 503(b)". 11 U.S.C. § 1326(a)(2).[1] Accordingly, PFW respectfully submits that, because the status of its claim is still before this Court as part of the adversary proceeding, that returning any such funds back to Debtor would be inappropriate at this juncture while its claim is under adjudication. 11 U.S.C. § 1326(a)(2). PFW respectfully submits that this Court should maintain the status quo of the proceeds of the property pending an ultimate adjudication of the adversary proceeding in the event the Court grants the New Jersey Judiciary's Motion.

Based on the foregoing, PFW respectfully submits that, in the event this Court grants the New Jersey Judiciary's Motion, that a) the Court should permit the adversary proceeding to proceed, and b) the trustee should retain the sale proceeds from the New Jersey property pending the outcome of the adversary proceeding. **_ORAL ARGUMENT IS RESPECTFULLY REQUESTED_**.

Respectfully Submitted,

PRESSLER, FELT & WARSHAW, LLP

/s/ Donald V. Valenzano Jr.
Donald V. Valenzano, Jr.

**This communication is from a debt collector.**

CC:  Service List Filed as Part of Letter Submission

---

[1] As applicable to PFW would be section 503(b)(3)(B), which would through discovery, be PFW's successful effort to locate the funds that Debtor embezzled but has failed to disclose as part of these proceedings.